IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Lisa M. Lupyan,

    Plaintiff,

v.

No.

Corinthian Colleges Inc., successor in interest
to MJB Acquisition Corp., t/d/b/a
Wyotech, James Thomas, Arthur Herman, and
Mark Reynolds

    Defendants.

## COMPLAINT

AND NOW, comes the Plaintiff, Lisa Lupyan, by and through her attorney, Susan N. Williams, Esquire, and files the within Complaint, in support thereof alleging as follows:

### I. INTRODUCTORY STATEMENT

1. This is an Action for damages sustained by a citizen of the United States against the Defendant Corinthian Colleges, Inc. Mrs. Lupyan alleges that she was fired in violation of the Americans with Disabilities Act, because of a disability, or perceived disability, in violation of the Family and Medical Leave Act, on account of her sex, in violation of Title VII of the Civil Rights Act, and on account of her age, in violation of the Age Discrimination in Employment Act.

### II. PARTIES

2. Plaintiff Lisa Lupyan is an adult individual, and resides at 400 Traction Avenue, Derry, Westmoreland County, PA 15627.

3. Defendant Corinthian Colleges, Inc., successor in interest to MJB Acquisition Corp. is a corporation organized under the laws of the California, with a business address of 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

4. Defendant James Thomas is an adult individual, with a business address of 500 Innovation Drive, Blairsville PA 15717

5. At all times material hereto, Defendant Thomas was an employee of Defendant Corinthian Colleges.

6. Defendant Arthur Herman is an adult individual, with a business address of 500 Innovation Drive, Blairsville PA 15717

7. At all times material hereto, Defendant Herman was an employee of Defendant Corinthian Colleges.

8. Defendant Mark Reynolds is an adult individual, with business address of 500 Innovation Drive, Blairsville PA 15717

9. At all times material hereto, Defendant Reynolds was an employee of Defendant Corinthian Colleges.

### III. JURISDICTION AND VENUE

10. This Court may properly maintain personal jurisdiction over the Defendants because their contacts with this Commonwealth and with this judicial district are sufficient for the exercise of jurisdiction over the Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Company v. Washington, 326 U.S. 310 (1945)* and its progeny.

11. The United States District Court for the Western District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and

1343(a)(4) because it arises under the laws of the United States, and seeks redress for violations of civil rights.

12. Venue properly lies in this district pursuant to U.S.C. § 1391(b)(1) and (b)(2) because the Defendants reside in or conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

13. Within 180 days after the alleged unlawful employment practice hereinafter set forth, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, satisfying the requirements of 42 USCA ƒ 2000e-5, and on October 21, 2008, less than 90 days prior to the filing of this Complaint, the Commission issued to Plaintiff a Notice of Right to Sue with respect to Plaintiff's charges hereinafter set forth.

14. Plaintiff has exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

## IV. FACTUAL BACKGROUND

15. Mrs. Lupyan was hired by Wyotech on June 23, 2004, to work at the facility located in Blairsville, Westmoreland County, PA.

16. At all times material hereto, Wytotech was a post secondary, for-profit school offering education in the automotive, diesel, motorcycle, watercraft collision refinishing, and trade industries.

17. Mrs. Lupyan was hired as an instructor in the Applied Science Management department.

18. At the time of her hire, she was the only female instructor.

19. At no time during her employment did Mrs. Lupyan receive an employee handbook.

20. After Mrs. Lupyan's date of hire, Wyotech was sold by MJB Acquisitions Corp., to

Corinthian Colleges, Inc.,

21. Commencing in the summer of 2007, when Mrs. Lupyan attempted to discipline disruptive and disrespectful students, her efforts were not supported by the school administration.

22. Students in her classes threw spit balls, plastic drink bottles, pennies and nickels at Mrs. Lupyan, several times striking her, once in the eye.

23. Members of the school administration were unwilling to discipline students who were paying for their education in cash.

24. Because the school administration did not support her efforts to discipline students, she was treated disrespectfully by students.

25. When Mrs. Lupyan became stricter in discipline with her students, she was counseled by her supervisor, James Thomas, not to be "so mean."

26. On November 30, 2007, Mrs. Lupyan was told by James Thomas that he and her co-workers had noticed a difference in her "enthusiasm for her job, motivation and personality in general."

27. Mr. Thomas's comments were also motivated by complaints registered by several students of Mrs. Lupyan.

28. Other male teachers have been the subject of student complaints, but no action was taken by the school administration.

29. From December 1, 2007 through March 13, 2008, Mrs. Lupyan was off work on short-term disability.

30. Mrs. Lupyan received short-term disability benefits through Unicare.

31. Mr. Thomas wrote a statement in support of her application for short-term disability.

32. Mrs. Lupyan took short term disability leave at the suggestion of Mr. Thomas, rather than a personal leave of absence.

33. At the time Mrs. Lupyan took short term disability, her diagnosis was "panic disorder."

34. On March 13, 2008, Mrs. Lupyan was released by her doctor to return to her full time position as Instructor III.

35. On that date, she advised Mr. Thomas that her doctor had released her to return to work with certain restrictions, and furnished him with a copy of the release.

36. Mr. Thomas refused to accept the release.

37. He advised Mrs. Lupyan that he would have to speak to Mark Reynolds, Director of Education, about the matter.

38. On March 26, 2008, she was advised by Mr. Thomas that he had spoken with Mr. Reynolds and Arthur Herman, Vice President of the College, and she was to be returned to work as an Instructor III with limited teaching responsibilities.

39. On April 1, 2008, Mrs. Lupyan telephoned Mr. Thomas about a starting date, and told him that she would furnish him with her doctor's release, which he had previously refused to accept.

40. At that time, Mr. Thomas advised her that things at the school had changed, she could not return with restrictions, and because of low student numbers, she might never be returned to work.

41. Mr. Reynolds advised Mrs. Lupyan by phone on April 3, 2008, that if she could get a release from her psychiatrist stating that she had no work restrictions, Corinthian College could lay her off.

42. On April 9, 2008, Mrs. Lupyan provided Mr. Thomas with a copy of a full release from

her psychiatrist.

43. After providing the release to Mr. Thomas, Mrs. Lupyan then met with Mr. Reynolds and Mr. Herman.

44. Mr. Reynolds advised Mrs. Lupyan that she was discharged from the school immediately because of low student numbers.

45. Mrs. Lupyan then requested that she be provided with another position at the school, such as Career Services Representative, Financial Aide Officer, or Secretary.

46. Mrs. Lupyan later learned that the school had hired an Instructor for the Trim and Upholstery Department on May 1, 2008, contrary to what she had been told by Mr. Reynolds on April 9, 2008.

47. Mrs. Lupyan then asked why she was being terminated rather than being laid off.

48. Mr. Reynolds replied that Corinthian College does not do layoffs; anyone who had been terminated would have to reapply for a position.

49. Mrs. Lupyan then asked why two younger male colleagues, Mr. Earl Barber, aged 35, and Mr. Paul Cross, approximately 46, with less seniority, were retained while she was fired.

50. Mr. Reynolds replied that it was because she had not been released to return to work within 12 weeks of having taken FMLA leave.

51. Mrs. Lupyan replied that she had not taken FMLA leave, but was off on short term disability.

52. Mr. Reynolds then said that Corinthian College only recognizes FMLA leave.

53. At no time prior to this conversation was Mrs. Lupyan advised that Corinthian College only recognizes FMLA leave.

54. Had Mrs. Lupyan been on FMLA leave on March 13, 2008, when she attempted to give Mr. Thomas a copy of her release to return to work, which he refused to accept, she would have been within the 12 week period.

55. On April 9, Mrs. Lupyan was told by Messieurs Reynolds, Thomas and Herman that she would be contacted to apply for rehire if there were any available positions in July 2008.

56. Mrs. Lupyan was never contacted.

57. On or about July 21, 2008, Mrs. Lupyan's position was filled by a younger, less-qualified and less-experienced non-disabled male who was reassigned from the Automotive Department.

## IV. COUNT I – DISPARATE TREATMENT

58. The averments of paragraphs 1 through 57 are incorporated by reference, as if more fully set forth herein.

59. Other male teachers have been the subject of student complaints, but no action was taken.

60. Despite having been told that she would be contacted if a position were available, Mrs. Lupyan was never contacted, and her former position was filled by a younger, less-qualified and less-experienced non-disabled male.

61. Defendant has discriminated against Plaintiff because of her sex, female, in violation of Title VII of the Civil Rights Act, as amended.

WHEREFORE, Plaintiff demands judgment in favor, in accordance with the remedies more particularly set forth in Title VII of 1964, as amended.

## V. COUNT II – HOSTILE WORK ENVIRONMENT

63. The averments of paragraphs 1 through 57 are incorporated by reference, as if

more fully set forth herein.

64. The Defendant, its agents and employees, acted to create and maintain a hostile work environment for the Plaintiff because of her gender, in not supporting her when she attempted to discipline her students, the majority of whom were male, and in criticizing her when she attempted to impose discipline.

65. The actions of the Defendant, its agents and employees, have created a hostile work environment as defined by the courts construing Title VII.

66. The effect of the policies and practices pursued by Defendant, its agents and employees, limited, classified and discriminated against the Plaintiff in such a way as to jeopardize Plaintiff's job, deprive her of her employment opportunities, and otherwise adversely affect her status as an employee because of her gender.

WHEREFORE, Plaintiff demands judgment in favor, in accordance with the remedies more particularly set forth in Title VII of 1964, as amended.

## VI. Violations of the Family and Medical Leave Act
### (Interference claim)

67. The averments of Paragraphs 1 through 57 are incorporated by reference, as if more fully set forth herein.

68. At all times material hereto, Plaintiff was an eligible employee pursuant to the terms of the Family and Medical Leave Act, 29 U.S.C. § 261(2)(a)(i)(ii).

69. At all times material hereto, Plaintiff had at least 1250 hours of service during the prior twelve (12) months.

70. At all times material hereto, the Defendant Wyotech was engaged in an industry affecting commerce and employed fifty or more employees for each working day during

each of the twenty or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A. § 2611(4)(A)(i).

71. Plaintiff was entitled to take leave, pursuant to 29 U.S.C. § 2612(a)(1).

72. Plaintiff was absent from work from December 1, 2007 through March 13, 2008

73. Plaintiff was eligible for FMLA leave for this period of time.

74. Plaintiff was not afforded the opportunity to utilize FMLA leave for this absence.

75. Mrs. Lupyan was advised by Defendant Reynolds that she was fired because she had not been released to return to work within 12 weeks of having taken FMLA leave.

76. Mrs. Lupyan did not take FMLA leave.

WHEREFORE, Plaintiff prays this Honorable Court to enter judgment in her favor in accordance with the provisions of the FMLA.

### VII. Violations of the Family and Medical Leave Act
**(Retaliation)**

77. The averments of Paragraphs 1 through 57 are incorporated by reference, as if more fully set forth herein.

78. The acts of the Defendants, in terminating Mrs. Lupyan because she had not been released to return to work within 12 weeks of having taken FMLA leave, when she had, in fact, been released, constitute an adverse and retaliatory employment action in violation of 29 U.S.C. § 2612, 2615(a)(2).

WHEREFORE, Plaintiff prays this Honorable Court to enter judgment in her favor in accordance with the provisions of the FMLA.

### VIII. AMERICAN WITH DISABILITIES ACT

79. The averments of Paragraphs 1 through 57 are incorporated by reference, as if

more fully set forth herein.

80. Mrs. Lupyan is a "disabled" individual as that term is defined by the Americans with Disabilities Act.

81. In the alternative, Mrs. Lupyan was "regarded as disabled" by the Defendants.

82. The conduct of the Defendants, as more specifically pled above, is in violation of the protections afforded by the ADA.

WHEREFORE, Plaintiff prays this Honorable Court to enter judgment in her favor in accordance with the provisions of the FMLA.

### IX. AGE DISCRIMINATION IN EMPLOYMENT ACT

83. The averments of Paragraphs 1 through 57 are incorporated by reference, as if more fully set forth herein.

84. Mrs. Lupyan's age actually motivated and had a determinative influence on the Defendant's decision to fire her.

85. The conduct of the Defendant in firing her on account of her age is in violation of the Age Discrimination in Employment Act.

WHEREFORE, Mrs. Lupyan seeks judgment in her favor in accordance with the provisions of the Age Discrimination and Employment Act.

### X. PENNSYLVANIA HUMAN RELATIONS ACT

83. The averments of Paragraphs 1 through 58 are incorporated by reference, as if more fully set forth herein

84. This action is authorized and instituted pursuant to Pennsylvania Human Relations Act [43 P.S. §955 et seq.] for relief based on an unlawful employment practice by Defendant.

85. The actions of the Defendant and its agents constitute willful, wanton and reckless conduct thereby entitled Plaintiff to recover punitive damages.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in her favor and against the Defendants, for compensatory and punitive damages, plus interests and costs.

## XI.   JURY DEMAND

86. Plaintiff hereby demands a trial by jury of all issues triable by a jury.

Respectfully submitted,

/s/Susan N. Williams, Esq.
Susan N. Williams, Esquire
Attorney for Mrs. Lupyan
PA Id. # 40077
101 North Main Street, Suite 106
Greensburg PA 15601
(724) 838-8110
(724) 838-1600 fax